| | | | |
|---|---|---|---|
| **UNITED STATES DISTRICT COURT** | | **CIVIL CONFERENCE** | |
| **EASTERN DISTRICT OF NEW YORK** | | **MINUTE ORDER** | |
| | | | |
| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 11-14-2012 |
| | U.S. MAGISTRATE JUDGE | TIME: | 4:28 p.m. (18 minutes) |

*Annunziato v. Collecto, Inc.*,
**CV 12-3609 (ADS) (AKT)**

TYPE OF CONFERENCE:          **TELEPHONE INITIAL CONFERENCE**

APPEARANCES:     Plaintiff     Joseph Mauro

                 Defendant    Jonathan D. Elliot

FTR:    4:28-4:46

SCHEDULING:

The Discovery Status Conference will be held on April 10, 2013 at 2 p.m.

THE FOLLOWING RULINGS WERE MADE:

1. Counsel for the parties in this putative FDCPA class action met for a Rule 26(f) conference and I am adopting the discovery plan submitted by them with several modifications. The Initial Case Management and Scheduling Order ("CMSO") is being entered separately. Initial Disclosures pursuant to Rule 26(a) have been served by the parties.

2. Counsel have been advised that if they need to obtain documents or a deposition from any non-party witnesses, subpoenas directed to those witnesses should be served as early as possible.

3. I am giving the parties until December 19, 2012 to confer and reach an agreement on the method by which electronically stored information ("ESI") shall be produced in this case. The parties are to file their letter agreement, executed by all counsel, on ECF <u>no later than December 19</u> advising me of what agreement/ procedure has been put in place, and the specific details of such agreement. In the alternative, if there is no ESI relevant to this case, the parties shall so advise me in the same manner.

4. The deadline to make a formal motion under the Federal Rules to add parties or amend the pleadings is being held in abeyance based on plaintiff's statement that he intends to have this case proceed as a class action. This issue will be addressed again at the April 10 Discovery Status Conference.

5. As set forth in my Individual Rules, as well as the Case Management and Scheduling Order entered today, **three business days before the April 10, 2013 status conference, the parties are directed to file a discovery status report** setting forth the following information: (1) confirming that all paper production has been completed and that any objections to each other's productions have been resolved (and if not, state why not); (2) confirming that each party's interrogatory responses have been certified by the client as to their accuracy and completeness and that any objections to each other's interrogatory responses have been resolved (and if not,

state why); (3) stating whether there are any outstanding discovery disputes; if so, each attorney must set forth the legal support for the position being taken on behalf of the client (i.e., provide the case citations for any cases relied upon to support the argument being made on behalf of the client and further state the proposition from that case which counsel asserts supports his/her argument); and (4) confirming that counsel have conferred with each other and reached an agreement concerning whom they wish to depose in the case, including both party and non-party witnesses and providing an the date on which the last deposition is scheduled to be taken. Once these four items have been addressed in the report, the parties are to confirm whether discovery is proceeding on schedule. **NOTE**: Any status report that does not specifically and individually address the four categories noted above will be returned to the parties as non-compliant.

**The remainder of the pre-trial discovery deadlines will be set in place at the April 10, 2013 Discovery Status Conference and will appear in the Final CMSO entered that day. The parties should be prepared to advise the Court of the status of depositions and whether they intend to retain any experts for the case at that time.**

6. In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing the appropriate letter motion as expeditiously as possible. Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party. Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (*not* merely an exchange of e-mails or letters).

   If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court. Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.

7. Under existing Second Circuit case law, any amendments or modifications to this Order or to the accompanying Case Management and Scheduling Order must be approved in advance by the Court. Therefore, the parties are not free to grant each other extensions of any deadline set forth in these Orders. All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court in advance of the expiration of the deadline. The parties are directed to my Individual Practice Rules for further information.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge