UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID ANNUNZIATO,                          :
                                           :
                    Plaintiff,             :
                                           :          No. 2:12-CV-03609-ADS-AKT
v.                                         :
                                           :
COLLECTO, INC. d/b/a EOS CCA,              :
                                           :
                    Defendant.             :
                                           :

## DEFENDANT'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION

DEFENDANT
COLLECTO, INC. D/B/A EOS/CCA

Jonathan D. Elliot
Dominic Spinelli

ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Blvd.
Bridgeport, CT 06601-1740
Telephone:  (203) 333-9441
Facsimile:  (203) 333-1489
E-Mail:  jelliot@znclaw.com

Its Attorneys

March 25, 2013

# TABLE OF CONTENTS

Page(s)

Table of Contents ............................................................................................ ii

Table of Authorities ........................................................................................ iii

Preliminary Statement ..................................................................................... 1

Nature of Proceedings..................................................................................... 2

Argument........................................................................................................ 3

I.   CLASS ACTIONS AND THE FDCPA ........................................................ 3

II.  PLAINTIFF FAILS TO MEET THE HEAVY BURDEN OF
     DEMONSTRATING COMPLIANCE WITH ALL REQUIRED
     ELEMENTS UNDER FEDERAL RULE 23(a) ............................................. 7

     A.  Plaintiff's Class Definition Is Flawed.................................................... 7

     B.  The Record Is Insufficient To Establish Numerosity ........................... 12

     C.  The Record Is Insufficient To Establish Commonality And
         Typicality ......................................................................................... 14

     D.  Plaintiff Has Not Met His Burden Of Establishing His Own
         Adequacy Or That Of Proposed Class Counsel ................................. 17

         i.   Adequacy of Class Counsel......................................................... 17

         ii.  Plaintiff Has Not Been Shown To Be An Adequate
              Representative.......................................................................... 18

     II.  EVEN ASSUMING THAT THE PLAINTIFF HAS MET HIS BURDEN
          OF PROOF UNDER RULE 23(a), CERTIFICATION SHOULD BE
          DENIED BECAUSE THE PLAINTIFF HAS NOT MADE ANY
          SHOWING TO SATISFY RULE 23(b) ............................................... 18

     A.  Common Questions Do Not Predominate .......................................... 19

     B.  Plaintiff Has Not Demonstrated The Superiority Of The Class
         Action Device In This Case .............................................................. 20

CONCLUSION ............................................................................................... 25

## TABLE OF AUTHORITIES

<u>Cases</u>:                                                                                    <u>Page(s)</u>

*Adashunas v. Negley*, 626 F. 2d 600 (7th Cir. 1980) ......................................... 7

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 59
   (2d. Cir. 2000) ..................................................................... 16

*Bleich v. Revenue Maximization Group, Inc.*, 233 F. Supp. 2d 496
   (E.D.N.Y. 2002) .............................................................. 15,20

*Boyd v. Interstate Brands Corp.*, 256 F.R.D. 340 (E.D.N.Y. 2009) .................... 4

*Brooklyn Ctr. For Independence of the Disabled v. Bloomberg*, 284 F.R.D. 240
   (S.D.N.Y. 2012) ................................................................ 6

*Bryant v. Bonded Account Service/Check Recovery, Inc.*, 208 F.R.D. 251
   (D. Minn. 2000) ........................................................... 4, 23

*Clement v. American Honda Finance Corp.*, 176 F.R.D. 15 (D. Conn. 1997) .... 13

*Davidson v. Yeshiva Univ.*, 555 F. Supp. 75 (S.D.N.Y. 1982) ........................... 12

*Deflumer v. Overton*, 176 F.R.D. 55 (N.D.N.Y. 1997).................................... 13

*Demarco v. Edens*, 390 F.2d 836 (2d Cir. 1968) .................................... 13

*Driver v. Helms*, 74 F.R.D. 382 (D.R.I. 1972) ...................................... 7

*Eisen v. Carlisle and Jacquelin*, 417 U.S. 156 (1974) ....................... 4, 17

*Eisen v. Carlisle & Jacquelin*, 391 F.2d 555 (2d Cir. 1968) ................ 4, 17

*Elliot Assoc. v. J. Henry Schroeder Bank & Trust Co.*, 655 F. Supp. 1281
   (S.D.N.Y. 1987) ............................................................... 4

*Fainbrun v. Sw. Credit Sys., L.P.*, 2008 WL 750550 (E.D.N.Y. Mar. 18, 2008) .. 22

*Forman v. Data Transfer, Inc.*, 164 F.R.D. 400 (E.D. Pa. 1995)........................ 10, 20

*Galvin v. Levine*, 490 F.2d 1255 (2d Cir. 1973).................................... 24

*Gary Plastic Packaging Co. v. Merrill Lynch*, 903 F.2d 176 (2d Cir. 1990)......... 3

*General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147 (1982)........................ 3, 4

*Indiana State Employees Association, Inc. v. Indiana State Highway Commission*, 78 F.R.D. 724 (S.D. Ind. 1978) ................................................ 11

*In re Colonial Partnership Litigation*, 1993 WL 306526 (D. Conn. February 10, 1993) .................................................................... 4

*In re Ford Motor Co. Ignition Switch Products Liability Litigation*, 194 F.R.D. 484 (D.N.J. 2000) ........................................................ 20

*In re Initial Public Offering Securities Litigation*, 471 F.3d 24 (2d Cir. 2006) ...... 7

*In re King*, 305 B.R. 152 (Bankr. S.D.N.Y. 2004) ................................................ 9

*Jankowski v. Castaldi*, 2006 WL 118973 (E.D.N.Y. January 13, 2006).............. 14

*Jefferson v. Security Pacific Financial Services*, 162 F.R.D. 123 (N.D. Ill. 1995) .................................................................... 20

*Jones v. CBE Group, Inc.*, 215 F.R.D. 558 (D. Minn. 2003) ............................... 5, 23

*Kelley v. Galveston Autoplex*, 196 F.R.D. 471 (S.D. Tex. 2000) ....................... 20

*Kingsepp v. Wesleyan Univ.*, 1992 WL 230136 (S.D.N.Y. Sept. 3, 1992).......... 17

*Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718 (11th Cir. 1987) ..................... 18

*Kohlenbrener v. Dickinson*, 1996 WL 131736 (N.D. Ill. Mar. 15, 1996) ............. 22

*Leyse v. Corporate Collection Services, Inc.*, 2006 WL 2708451 (S.D.N.Y. Sept. 18, 2006) .................................................................... 22

*Lyles v. Rosenfeld Attorney Network*, 2000 WL 798824 (M.D. Miss. 2000) ....... 6, 22

*McKernan v. United Technologies Corp.*, 120 F.R.D. 452 (D. Conn. 1988) ....... 4

*Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 341 (6th Cir. 2011) ............. 11

*Reese v. Arrow Financial Service, LLC*, 202 F.R.D. 83 (D. Conn. 2001) .......... 14

*Ries v. Arizona Beverages USA LLC*, 84 Fed. R. Serv. 3d 296 (N.D. Cal. 2012) .................................................................... 7

*Sanders v. Jackson*, 209 F.3d 1998 (7th Cir. 2000) .......................................... 6

*Shelley v. AmSouth Bank,* 2000 WL 1121778 (S.D.Ariz. 2000) ......................... 23

*Spagnola v. Chubbs Corp.*, 264 F.R.D. 76 (S.D.N.Y. 2010)............................... 7

*Stinson v. City of New York*, 2012 WL 1450553 (S.D.N.Y. April 23, 2012) ........ 4

*Stoudt v. E. F. Hutton & Co., Inc.*, 121 F.R.D. 36 (S.D.N.Y. 1988) ..................... 24

*Thomas v. American Service Finance Corp.,* No. 12cv4235 (ADS)(AKT)..........17

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. ___, 131 S. Ct. 2541 (2011).............. 3

*Weissman v. ABC Fin. Services, Inc.*, 203 F.R.D. 81 (E.D.N.Y. 2001).............. 13

*Windham v. American Brands, Inc.*, 565 F.2d 59 (4th Cir. 1977) ...................... 24

*Wu v. Pearson Educ., Inc.*, 277 F.R.D. 255 (S.D.N.Y. 2011) ............................ 16

Statutes:

Fed. R. Civ. P. 23 ................................................................................... 17, 18, 23
Fed. R. Civ. P. 23(a) .................................................................................... 18, 19
Fed. R. Civ. P. 23(a)(1) ...................................................................................... 12
Fed. R. Civ. P. 23(a)(2) ...................................................................................... 14
Fed. R. Civ. P. 23(a)(3) ............................................................................ 19, 20, 23
Fed. R. Civ. P. 23(b) ............................................................................................. 4
Fed. R. Civ. P. 23(b)(3) ...................................................................................... 17
Fed. R. Civ. P. 23(b)(3)(A-D) .............................................................................. 21
Fed. R. Civ. P. 23(a)(4) ....................................................................................... 21
15 U.S.C. § 1692g ............................................................................................... 15
15 U.S.C. § 1692k(a)(1) ....................................................................................... 21
15 U.S.C. § 1692k(a)(2) .................................................................................. 15, 21
15 U.S.C. § 1692k(a)(2)(B) ............................................................................... 5, 21
15 U.S.C. § 1692k(a)(3) .................................................................................. 15, 21

Miscellaneous:

N.Y.C.P.L.R. § 207 ................................................................................................ 9
N.Y.C.P.L.R. § 213 ................................................................................................ 9
N.Y. Gen. Oblig. Law § 17-101 ............................................................................. 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DAVID ANNUNZIATO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 2:12-CV-03609-ADS-AKT |
| v. | : | |
| | : | **DEFENDANT'S MEMORANDUM** |
| COLLECTO, INC. d/b/a EOS CCA, | : | **OF LAW IN OPPOSITION TO MOTION** |
| | : | **FOR CLASS CERTIFICATION** |
| Defendant. | : | |

## PRELIMINARY STATEMENT

Defendant, Collecto, Inc. d/b/a EOS/CCA ("Defendant"), hereby submits its

Memorandum of Law in Opposition to Class Certification.  For the following reasons,

including Plaintiff's failure to adequately define the proposed class, the failure to establish

that the proposed class members are similarly situated due to a number of individualized

issues among the proposed class members, the absence of any evidence of Plaintiff's

adequacy as class representative, the lack of any demonstrated superiority of a class

action over individual actions, including the lack of any analysis of the comparative benefits

of an individual or class action, the motion should be denied.  Plaintiff has presented no

record on which the Court could perform any rigorous analysis on the relevant

requirements under Federal Rule 23, and Plaintiff's motion is devoid of such analysis.

Plaintiff's argument is no more than the conclusory assertion of counsel that because this is

an FDCPA case involving a form letter, class certification is mandated.  The plaintiff's

submission reflects a gross oversimplification of the class issues and an apparent lack of

understanding of the factual underpinnings of the legal theories Plaintiff is advancing with

respect to liability.

## NATURE OF THE PROCEEDINGS

Plaintiff's Complaint dated July 18, 2012 contains claims under the Fair Debt Collection Practices Act ("FDCPA"), based upon Plaintiff's receipt of a collection letter notifying him that a creditor, New York Institute of Technology ("NYIT"), claimed that Plaintiff owed an account balance based on the terms of his registration as a student.  The balance claimed by NYIT included an amount to cover the collection costs associated with the collection of the account.  NYIT's agreement with the Plaintiff requires that Plaintiff be responsible for the costs of collection.  Full payment of Plaintiff's legal obligation cannot occur without payment of those costs.  The letter also indicated truthfully that if payment was not made in response to the letter, there could be further efforts to collect.

Plaintiff alleges that the letter violated the FDCPA for two reasons:  (1) Defendant was seeking to collect an amount Plaintiff did not owe, namely a charge which Plaintiff claims is unlawful because it is "unreasonable," "unearned," "arbitrarily created" and "unconscionable"  (Complaint ¶¶20-21); and (2) the language in the letter suggesting the right to take "further steps" to collect was a false threat of litigation since Plaintiff's debt was allegedly beyond the applicable statute of limitations.  (Complaint ¶24)

Plaintiff has moved for certification of a class of consumers allegedly receiving a similar letter.  Defendant hereby opposes Plaintiff's motion for class certification because it is based upon little more than a recitation of the requirements of Federal Rule 23 and conclusory statements that the requirements are met in this case merely because it involves a standardized letter.

2

**ARGUMENT**

**I.      CLASS ACTIONS AND THE FDCPA**

Class certification is governed by Federal Rule of Civil Procedure 23 ("Rule 23"). The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."  *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2550 (2011) (citing *Califano v. Yamasaki,* 442 U.S. 682, 700–01 (1979)). Under the standard announced by the United States Supreme Court and applied in this Circuit, a class "may only be certified if the trial court is satisfied, <u>after a rigorous analysis</u>, that the prerequisites of Rule 23(a) have been satisfied."  *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 2372 (1982) (emphasis added); *Gary Plastic Packaging Co. v. Merrill Lynch*, 903 F.2d 176, 180 (2d Cir.), *cert. denied*, 489 U.S. 1025, 111 S. Ct. 675 (1991); *Wal-Mart Stores, Inc.,* 131 S. Ct. at 2551.

Under Rule 23(a), the party seeking certification must demonstrate that:

(1)    the class is so numerous that joinder of all members is impracticable,

(2)    there are questions of law or fact common to the class,

(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Rule 23(a) ensures that the named plaintiffs must be appropriate representatives of the class whose claims they wish to litigate.  The Rule's four requirements -- numerosity, commonality, typicality, and adequate representation -- "effectively 'limit the class claims to those fairly encompassed by the named plaintiff's claims.'"  *Wal-Mart Stores, Inc.*, 131 S.

Ct. at 2550 (citing *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 156

(1982).  The party seeking class certification bears the "heavy burden" of establishing that

each of these prerequisites has been met by a "preponderance of the evidence following a

court's rigorous analysis." *Stinson v. City of New York*, 2012 WL 1450553 (S.D.N.Y. April

23, 2012); *McKernan v. United Technologies Corp.*, 120 F.R.D. 452, 453 (D. Conn. 1988).

The United States Supreme Court has recently reiterated that "[a] party seeking

class certification must affirmatively demonstrate his compliance with the Rule -- that is, he

must be prepared to prove that there are *in fact* sufficiently numerous parties, common

questions of law or fact, etc." *Walmart Stores, Inc.*, 131 S. Ct. at 2551. It is incontrovertible

that Plaintiff has the burden of proving that the proposed class action satisfies each and

every element under Rule 23.  *E.g., Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 163

(1974); *Elliot Assoc. v. J. Henry  Schroeder Bank & Trust Co.,* 655 F. Supp. 1281 (S.D.N.Y.

1987), aff'd 838 F.2d 66 (2d Cir. 1988).  The absence of any one element under Rule 23

justifies denial of class certification.  *Boyd v. Interstate Brands Corp.*, 256 F.R.D. 340, 342

(E.D.N.Y. 2009); *In re Colonial Partnership Litigation*, 1993 WL 306526, *13 (D. Conn.

February 10, 1993).  "Failure to comply with even one of the requirements of Rule 23(a) is

fatal to a motion for class certification."  *E.g., In re Colonial Partnership Litigation*, 1993 WL

306526, *13 (D. Conn. 1993).

In addition, when plaintiffs seek to maintain a class action under Federal Rule

23(b)(3), they must also show that common questions predominate over any questions

affecting only individual members and that a class action is superior to other available

methods for fair and efficient adjudication of the controversy.  *Clement v. American Honda

Finance Corp.*, 176 F. R. D. 15 (D. Conn. 1997).  The matters pertinent to the superiority

finding include:  "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions . . . . and (D) the difficulties likely to be encountered in the management of a class action."  Fed. R. Civ. P. 23(b)(3)(A-D).

Generally speaking, in the absence of some statutory limitation, the damages available to individual class members in a class action and an individual action would be the same.  For purposes of the superiority analysis called for by Rule 23, generally there would be no disadvantage to a class action in terms of damages.  The FDCPA, however, limits the damages available in class actions, to "such amount as the court may allow . . . not to exceed the lesser of $500,000 or one per centum of the net worth of the debt collector."  15 U.S.C. §1692k(a)(2)(B).  This provision places a limitation on the utility, and hence superiority, of an FDCPA class action when compared to an individual action, except in certain instances.  *See, e.g., Jones v. CBE Group, Inc.,* 215 F.R.D. 558 (D. Minn. 2003).

The statutory damage limitation in FDCPA class actions is not designed to encourage or authorize class actions, or to express a Congressional preference for class actions under the FDCPA.  Instead, it creates a legislative limitation on the utility of the class action device which narrows the circumstances in which the class action should be the procedural mechanism of choice.  Defendant submits that there may be circumstances where the particular combination of the statutory damages limit, the net worth of the defendant and the number of putative class members would yield a result where the statutory damages for each class member would compare reasonably with those available in an individual action and, assuming other elements of Rule 23 have been satisfied, the action may be appropriate for class treatment.  Where, even using the maximum statutory damage cap of $500,000, the proposed class may be able to generate only nominal awards

to individual class members, the class action has a virtually nonexistent benefit to the class

members.  Such a disparity necessarily enhances individual class members' interest in

pursuing their own claims and reduces or eliminates, as the case may be, the superiority or

necessity of a class action.  *Id.; see also Bryant v. Bonded Account Service/Check*

*Recovery, Inc.*, 208 F.R.D. 251 (D. Minn. 2000); *Lyles v. Rosenfeld Attorney Network*, 2000

WL 798 824 (N.D. Miss. 2000).

As always, this Court should be mindful of the potential abuses of the class action

device, especially under the FDCPA.  The Seventh Circuit has expressed such concerns

in the case of *Sanders vs. Jackson*, 209 F.3d 998 (7th Cir. 2000), in which the Seventh

Circuit Court of Appeals noted, citing to Judge Ralph Winter of the Second Circuit:

> [T]he driving force behind these cases is the class action attorneys.  They
> have a strong incentive to litigate these cases – oftentimes despite their
> marginal impact – in the form of attorneys' fees and costs they hope to
> recover . . .  Not surprisingly, then, "FDCPA litigation is a breeding ground for
> class actions."  Lawrence Young & Jeffrey Coulter, *Class Action Strategies in
> FDCPA Litigation*, 52 Consumer Fin. L.Q. Rep. 61, 70 (1998).  It is these
> attorneys' fees which are a significant inducement for FDCPA class action
> lawsuits.  109 F.3d at 344; *see Goldberger v. Integrated Solutions, Inc.*, No.
> 99-7198, 2000 WL 320447, at 10 (2d Cir. Mar. 28, 2000) (in many class
> action cases the plaintiffs "are mere 'figureheads' and the reason for bringing
> such actions is 'the quest for attorney's fees.' ").  Unfortunately, as Judge
> Winter of the Second Circuit has noted, these attorney fees strongly
> encourage class actions, many of which are frivolous.  *See* Ralph K. Winter*,
> Paying Lawyers Empowering Prosecutors, and Protecting Managers:  Raising
> the Cost of Capital in America,* 42 Duke L. J. 945, 949 (1993).  The history of
> the FDCPA litigation shows that most cases have resulted in limited
> recoveries for plaintiffs and hefty fees for their attorneys . . . . [C]ases
> illustrate "the all-too-common abuse of the class action as a device for forcing
> the settlement of meritless claims and is thus a mirror image of the abusive
> tactics of debt collectors at which the statute is aimed."  *White v. Goodman*,
> 200 F.3d 1016, 1019 (7th Cir. 2000).

209 F.3d at 1003-04.

II.   **PLAINTIFF FAILS TO MEET THE HEAVY BURDEN OF DEMONSTRATING COMPLIANCE WITH ALL REQUIRED ELEMENTS UNDER FEDERAL RULE 23(a)**

A.    **Plaintiff's Class Definition Is Seriously Flawed**

In order to pursue a claim on a classwide basis, Plaintiff must allege a reasonably defined class of similarly situated plaintiffs.  *Adashunas v. Negley*, 626 F. 2d 600 (7th Cir. 1980).   The class definition should allow membership in the class to be readily determined. *In re Initial Public Offering Securities Litigation*, 471 F.3d 24, 30, 44-45 (2d Cir. 2006); *Ries v. Arizona Beverages USA LLC*, 84 Fed. R. Serv. 3d 296 (N.D. Cal. 2012) ("[C]ourts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed.  The class definition must be sufficiently definite so that it is administratively feasible to determine whether a particular person is a class member."). Furthermore, the definition should avoid the necessity of individual factual determination or entanglement in the ultimate legal issue in the case.  *E.g., Spagnola v. Chubbs Corp.*, 264 F.R.D. 76, 97 (S.D.N.Y. 2010); *Driver v. Helms*, 74 F.R.D. 382, 402 (D.R.I. 1972) (class definition presumed unlawful conduct).

Paragraph 31 of the Complaint proposes a class defined as follows:

> All persons who, according to Defendant's records: (a) have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to <u>Exhibit A</u>; and/or (d) were sent a written communication demanding "Fees/Coll Costs" in an amount that was unearned, unreasonable, unconscionable, and/or bore no relation – reasonable or otherwise – to any actual damages incurred by NY Tech or Defendant for any goods or services supplied by NY Tech and/or Defendant for any work performed by or on behalf of NY Tech and/or Defendant; and (e) which was not returned to the postal service as undelivered.

Plaintiff's proposed class definition is laden with problems with identifying class members, militating against certification.  First, the proposed definition combines different

groups of class members with different causes of action:  (1) those that were "sent a collection letter in a form materially identical or substantially similar to Exhibit A"; and/or (2) "were sent a written communication demanding 'Fees/Coll Costs' in an amount that was unearned, unreasonable ...."  This definition does not enable Defendant to readily determine who is and who is not a member of the proposed class.  It also does not define a class of similarly situated individuals.  A potential class member may have a claim based on the letter being "substantially similar" to the letter received by Plaintiff, or may have a claim based on a written communication mentioning "Fees/Coll Costs," or may have a claim under both theories, as Plaintiff has alleged.  Under this multi-layered definition, Plaintiff's proposed class will not be made up of similarly situated plaintiffs and it is impossible to ascertain the identity or number of proposed class members.

An essential element of Plaintiff's challenge to his letter, is that the language is a violation of the FDCPA because he claims his debt is beyond the applicable statute of limitations.  Therefore, he alleges, there is no right to take "further steps" to collect. Although it is beyond dispute that the creditor or Defendant had the right to make additional efforts to collect the debt in the event of non-payment, Plaintiff intends to argue that the phrase "further steps" unlawfully threatens litigation and is improper if the debt is beyond the statute of limitations.  Regardless of whether this argument is correct as a matter of law, because Plaintiff has made no attempt to identify potential class members whose debts still within the limitations period, Plaintiff's proposed class potentially could include numerous members whose accounts remain within the statute of limitations.  These individuals would not have a cause of action under a theory similar to that of Plaintiff.  As a result, the definition is necessarily overinclusive.

Class members could not readily be identified without an individualized consideration of facts relating to each particular plaintiff and whether their debt is outside the statute of limitations.  This would involve individualized issues such as determining the date of the breach for each and every class member, determining whether the statute of limitations was ever extended by payment or other conduct.  The underlying legal theory for NYIT's claim and the relevant statute of limitations could also vary from debtor to debtor. For example, the New York statute of limitations for an action upon a contractual obligation or liability is six-years from the date of default.  N.Y. C.P.L.R. § 213.  Therefore, the Court would first need to determine the date of default for each and every proposed class member.  Next, an acknowledgement or promise contained in a writing restarts the statute of limitations.  N.Y. Gen. Oblig. Law § 17-101.  The Court would next need to evaluate each and every account of the proposed class member to determine whether any class members acknowledged the debt via letter, email or other writing.  Under New York law, partial payment of the debt also extends the statute of limitations.  *In re King*, 305 B.R. 152, 173 (Bankr. S.D.N.Y. 2004) ("Wholly apart from any written acknowledgment, an actual payment made...under circumstances establishing that it is intended as a part payment toward a larger debt starts the period running anew on the balance.").  Once again, this would require the Court to evaluate each and every account of the proposed class to determine whether any class members made partial payment of their debt.  The statute of limitations is also tolled if the person is out of state when a cause of action accrues, and the time within which the action must be commenced is computed from the time he comes into or returns to the state.  N.Y. C.P.L.R. § 207.  The statute is also tolled if a person resides within the state under a false name.  *Id*.  Finally, this assumes that a contract exists

between NYIT and the proposed class members.  If there was no express underlying

agreement between any proposed class members and NYIT, the Court may need to

evaluate whether the debt is outside the limitations period for an unjust enrichment claim,

which involves entirely different fact-sensitive legal issues concerning laches.

Plaintiff makes no attempt to analyze such concerns and has no idea whether

relevant information is even readily or ministerially available.  Clearly determining whether

each and every debt of the proposed class members is outside the statute of limitations is a

highly fact-intensive, individualized issue that warrants denial of class certification.  *See*

*e.g. Forman v. Data Transfer, Inc.,* 164 F.R.D. 400, 403 (E.D. Pa.1995) (finding class

definition "untenable" where determining membership in the class would "essentially require

a mini-hearing on the merits of each case.").

As to the second part of the proposed class definition, referring to those who were

sent a written communication demanding "Fees/Coll Costs," Plaintiff's definition again is

overinclusive.  Class members cannot readily be identified without individualized

consideration of facts relating to each.  The terms "unearned," "unreasonable,"

"unconscionable," and "bore no relation" are vague and would require the court to make

individual determinations as to whether the collection costs fall within undefined criteria, or

whether those criteria properly reflect the law relevant to the claim.  If plaintiff claims he had

no agreement with NYIT authorizing it to seek collection costs, what about those who do?

Individual issues include, *inter alia*, the time period the proposed class members were

students at NYIT and whether the proposed class members were operating under different

policies and underlying agreements with NYIT, whether such agreements authorize

collection costs, the amount of the collection cost, and its "reasonableness" in light of work

10

performed.  Indeed, Plaintiff's motion does not submit any evidence regarding any agreements between the proposed class members and NYIT.  These agreements could authorize the collection charges and might have varying terms among the class members depending on the differing periods when the individual was a student at NYIT.  Plaintiff has presented no information on whether proposed class members are, in fact, similarly situated.

Moreover, Plaintiff's proposed class definition presumes a finding in Plaintiff's favor on the merits.  By attempting to use a definition which itself contains a conclusion that there has been an attempt to collect an unlawful fee, Plaintiff is attempting to use a self-serving class definition.  Such a definition, tied inexorably to a legal conclusion, along with unfounded allegations of intentionally seeking to collect excessive amounts not owed, should not provide a basis for class certification.  *See, e.g., Indiana State Employees Association, Inc. v. Indiana State Highway Commission*, 78 F.R.D. 724 (S.D. Ind. 1978).  A "fail-safe" class definition will not pass muster because it shields putative members from receiving an adverse judgment.  For example, a class of homeowners defined as those who paid higher rates than they were entitled to under the rate structure applicable to persons refinancing a mortgage loan has been rejected because "[e]ither the class members win, or by virtue of losing, they are not in the class and, therefore, not bound by the judgment."  *Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 341, 352 (6th Cir. 2011).  If it turns out that Defendant is reference to collection cost was not improper, an argument could be made, after the fact, that Plaintiff's class lacked any members, which would "effectively undermine the value of defendant's victory."  *Brooklyn Ctr. for Independence of*

11

*the Disabled v. Bloomberg*, 287 F.R.D. 240, 250 (S.D.N.Y. 2012).  As the Seventh Circuit

explained in rejecting a similarly self-serving definition:

> Using a future decision on the merits to specify the scope of the class makes it
> impossible to determine who is in the class until the case ends, and it creates
> the prospect that, if the [defendant] should prevail on the merits, this would
> deprive the judgment of preclusive effect: any other former [proposed class
> member] could file a new suit, given that the losing 'class' lacked any members.

*Id.* (citing *Bolden v. Walsh Constr. Co.,* 688 F.3d 893, 895 (7th Cir. 2012)).  As a result of

the above-referenced deficiencies with Plaintiff's proposed class definition, Plaintiff should

not be permitted to obtain class certification.

### B.    The Record Is Insufficient To Establish Numerosity

Federal Rule of Civil Procedure 23(a) sets forth the requirements for class

certification:  "One or more members of a class may sue or be sued as representative

parties on behalf of all only if (1) the class is so numerous that joinder of all members is

impracticable . . . . "  Fed. R. Civ. P. 23(a)(1).

In order to satisfy this element of Federal Rule 23, the plaintiff has the burden of

demonstrating the numbers of prospective plaintiffs in the putative class.  *Deflumer v.

Overton*, 176 F.R.D. 55, 58 (N.D.N.Y. 1997).  Although an absolutely precise number is not

necessarily required as a prerequisite for class certification, there must be a reasonable

basis for an inference that the class, as defined by the plaintiffs, is sufficiently numerous

that joinder is impracticable.  *Id.*  The evidence presented must be more than the

conclusory assertion of counsel, which assertions are wholly insufficient to meet the

requirements of Rule 23(a)(1).

Plaintiff is asking the Court to infer that every person that received a form letter from

Defendant is similarly circumstanced to Plaintiff.  Plaintiff simply assumes that because

Defendant sent letters to 1,200 individuals in a standardized format, he meets the requirement of numerosity.  However, many of the individuals receiving form letters may not be members of a proper class, such as those whose debt was still within the statute of limitations, or those who had an underlying agreement with NYIT that authorized collection charges.  Plaintiff does not offer any evidence from which to estimate how many consumers receiving the form letter could actually qualify for relief.  Plaintiff, who has the burden of proof, has made no showing that Plaintiff is similarly situated to any ascertainable class of any number.  Plaintiff has failed to demonstrate the number of members in the class, has failed to distinguish between those putative class members who plausibly have a claim under the FDCPA and those who do not.  Plaintiff's claim of an identifiable, similarly circumstanced class is supported by nothing more than assumption and speculation, insufficient to meet the rigorous standard required.  In fact, Plaintiff has no information on whether there is even once other similarly circumstanced class member.

Indeed, this Court denied class certification in a similar case where the plaintiff "argue[d] that she ha[d] met her burden of establishing numerosity by the simple fact that she is 'complaining of a standard form letter.' " *Weissman v. ABC Fin. Services, Inc.*, 203 F.R.D. 81, 84 (E.D.N.Y. 2001) (Spatt, J.).  The Court denied class certification, finding Plaintiff's argument "one of pure speculation unsupported by a single factual allegation ... The plaintiff has not presented a shred of evidence that would help her provide a reasonable estimate, much less provide that estimate herself." *Id.; see also Davidson v. Yeshiva Univ.*, 555 F. Supp. 75, 77 (S.D.N.Y. 1982) ("When the plaintiff fails to aver, much less establish any facts to support his conclusory allegations of numerous injuries, the class action request should be dismissed."); *Demarco v. Edens,* 390 F.2d 836, 845 (2d Cir.

13

1968); *Reese v. Arrow Financial Service, LLC,* 202 F.R.D. 83 (D. Conn. 2001) (holding that "bare assertions of numerosity are insufficient" and the plaintiff must "reasonably estimate or provide some evidence of the number of class members"). Plaintiff's submission fails to sustain his burden.

### C.    The Record Is Insufficient To Establish Commonality And Typicality

Plaintiff's arguments about typicality and/or commonality are also lacking. Rule 23(a)(2) requires there to be "questions of law or fact common to the class" and Rule 23(a)(3) requires "the claims or defenses of the representative parties [to be] typical of the claims or defenses of the class." The "commonality and typicality requirements tend to merge because both serve as guideposts for determining whether the named plaintiff's claim and the class claims are so inter-related that the interests of the class members will be fairly and adequately protected in their absence." *Jankowski v. Castaldi*, 2006 WL 118973 (E.D.N.Y. January 13, 2006). Plaintiff's request for class treatment is affected by the need to make a number of individualized determinations that are inconsistent with the class action vehicle or rendered problematic by virtue of defenses applicable to the named plaintiff.

Plaintiff's submission does little more than assert the conclusion, without analysis, that the claims meet the standards of commonality and typicality because his complaint involves a form letter. However, Plaintiff entirely overlooks dissimilarities within the proposed class definition which impede class treatment. The Supreme Court recently reiterated that the class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2550. That is because "[i]n order to justify a departure from that rule, 'a class

representative must be part of the class and possess the same interest and suffer the same injury' as the class members.' " *Id.* The Supreme Court emphasized the need for a "common contention ... of such a nature that is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." *Id.* What matters to class certification is "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.  Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id.* Plaintiff entirely overlooks all of the potential dissimilarities within the proposed class that weigh against class treatment.

As discussed above, the Court would need to make individual determinations as to the time period the proposed class members were students at NYIT and whether the proposed class members were operating identical agreements with NYIT, in order to determine the propriety of the collection fees.  Moreover, if the issue is reasonableness, would such issue require a determination of the amount of work done on each account to justify the charge?

Defendant may possess a defense against proposed class members who failed to utilize the specific statutory debt dispute and validation procedure set forth in the FDCPA (15 U.S.C. § 1692g) as required before seeking relief in court based on the claim that the debt in question is not owed.  See *Bleich v. Revenue Maximization Group, Inc.*, 233 F.Supp. 2d 496 (E.D.N.Y. 2002) in which this Court held:

> A consumer alleging that a debt referenced in a collection letter is not valid, is required to follow the clear and orderly procedure set forth in the FDCPA. Such a consumer may not institute an immediate lawsuit alleging that the letter violates the FDCPA.  To allow such lawsuits would discourage the use of the detailed statutory procedure, instead, individuals would be encouraged to resort to litigation (and the prospect of an attorney's fee award) instead of

being encouraged to communicate directly with the debt collector to expeditiously resolve their claim.

*Id.* at 501.  Determining which proposed class members have taken advantage of the statutory procedures would again require an individualized scrutiny of collection records relating to 1,200 proposed class members.

Finally, Plaintiff's class action Complaint claims actual damages.  It is not clear at all that Plaintiff suffered any actual damages, and to the extent the proposed class members claim actual damages, this is yet another highly individualized determination that weighs against class treatment.  Moreover, plaintiff, having not paid the collection fee, should not be permitted to represent a class of those who did.  *See Gen. Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 156 (1982); *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 59 (2d. Cir. 2000).

Plaintiff has completely ignored the potential individualized differences among the proposed class members.  Nothing in plaintiff's submission precludes the existence of numerous differences between the named plaintiff and putative class members.  All of these potential differences suggest that class certification is contraindicated, especially on the limited recorded presented by Plaintiff.  Class treatment is inappropriate where, as here, the claim is not subject to class-wide proof and requires numerous individual inquiries.  *See Wu v. Pearson Educ., Inc.*, 277 F.R.D. 255, 265 (S.D.N.Y. 2011); *Wal-Mart*, 131 S. Ct. at 2553

### D.   Plaintiff Has Not Met His Burden Of Establishing His Own Adequacy Or That Of Proposed Class Counsel

The focus of Federal Rule 23(a)(4) is (i) the adequacy of counsel retained to represent the class and (ii) the ability of the named plaintiff to fairly and adequately protect the interests of the class.

#### i.   Adequacy of Class Counsel

To satisfy the Rule 23(a)(4) adequacy of representation requirement, Plaintiff must demonstrate that he has retained adequate class counsel.  *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968) *vacated on other grounds*, 417 U.S. 156 (1974).  A court must scrutinize whether Plaintiff's counsel is qualified, experienced and generally able to conduct the litigation.  *Id.*  In assessing the adequacy of counsel, a court may examine class counsel's conduct in both:  (1) prior litigations, and (2) the putative class action before the court.  *Kingsepp v. Wesleyan Univ.*, 1992 WL 230136 (S.D.N.Y. Sept. 3, 1992).  In *Kingsepp*, this Court found class counsel to be inadequate because the plaintiff's memorandum "quoted large portions of text in the place of argument, analysis, or discussion ... as if the mere incantation of published text will have some talismanic significance ...  Significantly, [the plaintiff's] memorandum in support of class certification provided little more than a recitation of the requirements of Rule 23 and conclusory statements that the requirements are met in this case." *Id.* at *2.

Here, Plaintiff's submission is similarly lacking.  Plaintiff simply makes conclusory allegations that class certification is appropriate because he is complaining of a standard form letter.  Indeed, Plaintiff's counsel's boilerplate brief is virtually identical to at least one submitted previously in another FDCPA case.  *See Thomas v. American Service Finance Corp.,* No. 12cv4235 (ADS)(AKT) [Doc. No. 18] (memorandum initially rejected due to

17

failure to follow Individual Practice Rules.)  As in *Kingsepp*, Plaintiff's conduct in this action, namely submitting a form motion for class certification, devoid of appropriate analysis or argument tailored to the issues and facts in this action as required by Rule 23, provides a basis for this Court to conclude that Plaintiff does not satisfy the adequacy of counsel requirement.

### ii.  Plaintiff Has Not Been Shown To Be An Adequate Representative

Plaintiff has made no showing whatsoever as to Plaintiff's familiarity with the action, his participation in decision-making in the case, his ability or willingness to bear the costs of the action or his understanding of the comparative merits of class and individual actions. *See Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 728 (11th Cir. 1987) *cert. denied* 485 U.S. 959 (1988) (class must not be certified if plaintiff has abdicated conduct of case to attorneys).  Indeed, Plaintiff has not submitted any evidence that would support a finding by this Court that Plaintiff is an adequate representative.  Plaintiff's counsel simply wants the Court to assume the plaintiff's adequacy on the basis of virtually no evidence.  Not only has Plaintiff failed to submit evidence on this issue, Plaintiff's early, boilerplate motion for class certification is intended to be preemptive, before Defendant has had a legitimate opportunity to take discovery that might allow a further exploration of such issues and an opportunity to make an affirmative challenge to Plaintiff's adequacy as class representative.

## III.  EVEN ASSUMING THAT THE PLAINTIFF HAS MET HIS BURDEN OF PROOF UNDER RULE 23(a), CERTIFICATION SHOULD BE DENIED BECAUSE THE PLAINTIFF HAS NOT MADE ANY SHOWING TO SATISFY RULE 23(b)

Even if Plaintiff were able to prove that all the elements under Rule 23(a) had been satisfied, Plaintiff's motion should be denied because he has made virtually no showing to meet his burden of proving satisfaction of the elements of Rule 23(b) - in particular, whether

a class action is superior to other available methods to resolve the current controversy and whether common issues predominate.  This element is governed by Rule 23(b)(3), the provision under which the Plaintiff seeks to proceed here.  This subdivision authorizes a class action where the prerequisites of Rule 23(a) have been satisfied and where:

> (3)  the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of class action.

Fed. R. Civ. P. 23 (b)(3).

### A.    Common Questions Do Not Predominate

Rule 23(b)(3) requires that the court find the "questions of law or fact common to the members of the class predominate over questions affecting only individual members."  Plaintiff makes the wholly inadequate argument that "[t]he common question here involves the legality of the content of Defendant's debt collection letters.  Whether Defendant's letters violate the FDCPA is the common question that predominates over any others."  Although the alleged common question involves an alleged violation of the FDCPA, any determination of liability or class membership will turn on facts and circumstances applicable to each class member, not merely content to be found in a letter.  The mere fact that Plaintiff has commenced an action under the FDCPA itself provides no support for class treatment.

Plaintiff is seemingly blind to the individualized issues in this case.  As discussed above, resolution of the proposed class claims will require an individualized inquiry into

each and every class member's debt to determine whether the debt is within the statute of limitations.  While such an inquiry sounds simple, it is actually complex because the statute of limitations could involve numerous factual determinations, as discussed at pages 8-10 above.  It will also require an individualized inquiry into each and every class member's account to determine whether they utilized the statutory procedures required under *Bleich* and consideration of the time of attendance at NYIT and the underlying agreement with each proposed class member and NYIT.  Plaintiff has made no showing that these fact-specific matters can be determined ministerially from any readily available set of records.

The existence of such individualized issues weighs against a finding that common questions predominate under Federal Rule 23(b)(3).  *See, e.g., Kelley v. Galveston Autoplex*, 196 F.R.D. 471 (S.D. Tex. 2000) (individual questions precluded finding of predominance); *In re Ford Motor Co. Ignition Switch Products Liability Litigation*, 194 F.R.D. 484 (D.N.J. 2000) (differences in available defenses and individual damage calculations weighed against finding of predominance); *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400 (E.D Pa. 1995) (individualized inquiries in an action under Telephone Consumer Protection Act resulted in no common nucleus of operative fact); *Jefferson v. Security Pacific Financial Services*, 162 F.R.D. 123 (N.D. Ill. 1995) (plaintiff could not show that common questions predominated in TILA action).

### B.    Plaintiff Has Not Demonstrated The Superiority Of The Class Action Device In This Case

Rule 23(b)(3), sub-sections (A) through (D), expressly instructs the Court to analyze a wide variety of factors in determining whether a class action is "superior" to other methods for adjudicating the controversy.  Section (A) of Rule 23(b)(3) states that one relevant factor in determining whether a class should be certified is "the interest of

members of the class in individually controlling the prosecution or defense of separate actions." Each class member of Plaintiff's proposed class potentially has a higher interest in controlling his or her own case because of the class action limit on statutory damages.

Under the FDCPA, the maximum statutory damages in a class action are the lesser of $500.00 or 1% of the net worth of the defendant, "without regard to the minimum individual recovery." 15 U.S.C. §1692k(a)(2)(B). Plaintiff fails entirely to analyze or compare the potential recoveries for class members in the proposed action with those available in an individual action. The only submission by Plaintiff on this point is a suggestion that the applicable net worth of defendant may be negative. *See* Exhibit A to Plaintiff's Motion for Class Certification. If such is the case, the class action device potentially offers no recovery at all for class members, in the absence of actual damages, actual damages that Plaintiff himself has not suffered. The sole benefit to be provided by the action could be in the form of compensation to class counsel. If the only benefit to class certification is the generation of additional attorney's fees, class status should not be granted for that purpose.

Class certification is not superior here because if individual plaintiffs controlled their own cases, they each would be eligible, if successful, to recover greater statutory damages of up to $1,000, depending upon the individual circumstances of his or her own case. 15 U.S.C. § 1692k(2)(a). In addition, each individual plaintiff might have different claims for actual damages that could be pursued in a manner most appropriate to the individualized circumstances. 15 U.S.C. § 1692k(a)(1). These individual plaintiffs would not be deterred by litigation costs because the FDCPA provides for recovery of expenses of suit, including attorneys' fees. 15 U.S.C. § 1692k(a)(3). This provision removes any disincentive, and in

fact increases the incentive for individuals to pursue their own claims and control their own cases.  Historically, the numerous individual FDCPA cases filed in this District, by Plaintiff's lawyers and others, reflect no difficulty for individuals to find counsel to take and pursue individual cases.

Courts have denied class certification and decertified a class based on the defendant's negative net worth since only the plaintiff's counsel would benefit.  *E.g., Fainbrun v. Sw. Credit Sys., L.P.*, 2008 WL 750550 (E.D.N.Y. Mar. 18, 2008) ("where there is literally no way to distribute any recovery to the class, the court can no longer maintain a finding that this class action 'is superior to other available methods for fairly and efficiently adjudicating the controversy.' "); *Kohlenbrener v. Dickinson*, 1996 WL 131736 (N.D. Ill. Mar. 15, 1996) (denying class certification where the plaintiff failed to submit evidence establishing the defendant's net worth, noting that "it is plaintiff's burden to prove the superiority of a class action and so to prove that defendants have net worths making a class action superior to individual law suits ... plaintiff has not proven 'that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.'").

Moreover, Courts have even denied class certification where the class members could only recover *de minimus* amounts.  For example, in *Lyles v. Rosenfeld Attorney Network*, 2000 WL 798824 (N.D. Miss. 2000), the court found that class members could potentially recover only $18.68 if the class were certified and $1,298.78 if it were not.  The court determined that the class action was not the superior method for adjudication of the controversy.  *See also Leyse v. Corporate Collection Services, Inc.*, 2006 WL 2708451 (S.D.N.Y. Sept. 18, 2006) (holding, as an alternative basis for denying class certification,

that Plaintiff had not satisfied the superiority requirement given that "each putative class member could receive only up to $140, an amount significantly lower than what they could recover were they to bring suit individually"); *Shelley v. AmSouth Bank*, 2000 WL 1121778 (S.D.A. 2000) (comparing potential recovery of $1 for class members with potential individual recovery of $100-$1,000); *Jones v CBE Group, Inc.*, 215 F.R.D. 558 (D. Minn. 2003) (class action not superior because of limited individual class member recovery); *Clement*, 176 F. R. D. at 23.

Plaintiff's counsel's arguments as to superiority have little to do with this particular case.  Instead, Plaintiff's arguments are generic.  Superiority under Federal Rule 23(b)(3) is not a conclusion that can be based on the mere argument of counsel without any analysis of the circumstances of the case.  A "class action cannot simply be a marginally acceptable device or one merely comparable to other methods of conflict resolution, it must affirmatively be preferable in a legally significant sense.  A class action that requires each member to surrender essentially all of her damages cannot easily be characterized as a superior vehicle for the fair adjudication of a controversy".  *Lyles*, 2000 WL 798824 at *6.

Accordingly, on the current record, there is no basis on which to conclude that a class action is superior in this case.  Plaintiff's memorandum is devoid of any meaningful analysis of the superiority issue.  Plaintiff gives no consideration to a possible comparison of the remedies available to a class member in an individual action to the considerably lesser benefit that may be available to class members based on the damage limitations under the FDCPA.  Rather than recognize that such limited or nonexistent recoveries may give class members a much greater interest in controlling their own claims, Plaintiff falsely

23

argues, without evidence, that "it is unlikely that the class members have much interest in individually controlling the prosecution of the action."  (Pl. Br. at 17).

Finally, the certification of a class is not necessary to the maintenance of this action. While "necessity" is not an explicit requirement to maintain a class action, it is read into Rule 23 in the Second Circuit.  *Galvan v. Levine*, 490 F.2d 1255, 1261 (2d Cir. 1973), *cert. denied*, 417 U.S. 936 (1974).  Plaintiff has not demonstrated a "need" for class certification. There is no reason why Plaintiff could not continue this suit absent class certification.  *See Windam v American Brands, Inc.*, 565 F.2d 59, 69 (4th Cir. 1977), *cert. denied*, 435 U.S. 968 (1978); *Stoudt v. E. F. Hutton & Co., Inc.*, 121 F.R.D. 36, 38 (S.D.N.Y.1988).  There is no evidence of the inability of Plaintiff to pursue this action independently since a debt collector who fails to comply with the FDCPA's provisions must pay to the plaintiff the costs of plaintiff's action, as well as a reasonable attorney's fee.  15 U.S.C. 1692k(a)(3).

**CONCLUSION**

For the foregoing reasons, based upon the instant motion and inadequate record submitted by Plaintiff, Plaintiff has failed to fulfill the requirements of Federal Rule 23 for certification of a class.  The absence of any meaningful evidence submitted by plaintiff precludes any determination of the identity or number of class members.  Plaintiff ignores the individualized differences between putative class members, the existence of which precludes a finding of commonality and typicality under Rule 23.  No affirmative showing has been made as to the adequacy of the representative Plaintiff.  Lastly, Plaintiff's motion fails to provide any meaningful supporting analysis of the proposed class action's superiority, ignoring a most important feature of Rule 23, a comparison of the prospective class recovery and the potential individual recovery in an individual action.  Class certification should be denied.

Date: March 25, 2013                    Respectfully submitted,

                                        THE DEFENDANT
                                        COLLECTO, INC. d/b/a EOS/CCA

                                        By:_____/s/_____
                                            Jonathan D. Elliot (ct05762)
                                            Dominic Spinelli

                                            Zeldes, Needle & Cooper, P.C.
                                            1000 Lafayette Boulevard
                                            Bridgeport, CT  06604
                                            Tel:   203-333-9441
                                            Fax:   203-333-1489
                                            E-Mail:  jelliot@znclaw.com

                                        Its Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 25, 2013, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.


_____/s/_____
Jonathan D. Elliot

26