UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID ANNUNZIATO

                Plaintiff,

                                            **MEMORANDUM OF
                                            DECISION AND ORDER**
                                            12-CV-3609 (ADS)(AKT)

      -against-

COLLECTO, INC. D/B/A EOS CCA

                Defendant,
----------------------------------------------------------------X
**APPEARANCES:**

**Joseph M. Mauro, Esq.**
*Attorney for the Plaintiff*
306 McCall Ave.
West Islip, NY 11795

**Brian L. Bromberg, Esq.**
*Attorney for the Plaintiff*
40 Exchange Pl., Suite 2010
New York, NY 10005

**Zeldes, Needle & Cooper, P.C.**
*Attorneys for the Defendant*
1000 Lafayette Blvd.
Bridgeport, CT 06601
    By:   Jonathan D. Eliot, Esq.
            Dominic Spinelli, Esq., Of Counsel

**SPATT, District Judge.**

       On July 19, 2012, the Plaintiff David Annunziato (the "Plaintiff") filed a complaint

seeking redress for the alleged illegal practices of the Defendant Collecto, Inc. d/b/a EOS CCA

(the "Defendant") in connection with the collection of a debt allegedly owned by the Plaintiff to

the New York Institute of Technology ("NY Tech") in violation of the Fair Debt Collection

1

Practices Act, 15 U.S.C. §1692, et seq ("FDCPA"). On August 9, 2013, the Court granted the Plaintiff's motion to file an amended complaint and the Plaintiff's motion to certify a class. However, the Court modified the Plaintiff's proposed class definition and certified a class consisting of (a) all individuals who have mailing addresses within New York State; (b) who within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the form letter sent by the Defendant to the Plaintiff; (d) regarding a debt that was time-barred by the applicable statute of limitations; (e) and containing a collection fee that they had not previously authorized by entering into an agreement with NY Tech; (f) which was not returned by the postal service as undelivered.

Presently before the Court is an unopposed motion by the Plaintiff to reconsider the Court's August 9, 2013 Order only with respect to the class definition. In this regard, the Plaintiff explains,

> It is respectfully submitted that the Court's class definition as written conflates [the] Plaintiff's two independent claims. The class definition appears to indicate that only consumers whose accounts were time barred can pursue a claim for the illegal collection fee. The Plaintiff's claim regarding the illegal collection fee does not depend upon whether the count is time barred. If the fee was illegal, the age of the account is irrelevant. Page 2 and 3 of the Court's decision indicate that the Court recognizes Plaintiff's two different claims. As such, ti appears that the precise language of the class definition may have been an inadvertent error. [The Plaintiff avers that the purported problem could be remedied by replacing the word "and" with the word "or" in the class definition.

In other words, the Plaintiff asks that the class definition be modified as follows:

> (a) all individuals who have mailing addresses within New York State; (b) who within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the form letter sent by the Defendant to the Plaintiff; (d) regarding a debt that was time-barred by the applicable statute of limitations; (e) ***or*** containing a collection fee

> that they had not previously authorized by entering into an
> agreement with NY Tech; (f) which was not returned by the postal
> service as undelivered.

A motion for reconsideration in the Eastern District of New York is governed by Local Rule 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

Of importance, a motion for reconsideration is not an opportunity for litigants to reargue their previous positions or present new or alternative theories that they failed to set forth in connection with the underlying motion. See Trans–Pro Logistic Inc. v. Coby Elecs. Corp., No. 05 Civ. 1759, 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010) (citing Ferrand v. Credit Lyonnais, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003)); see also Zdanok v. Glidden Co., Durkee Famous Foods Div., 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."). Indeed, a motion for reconsideration should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have already been considered fully by the court" and is considered an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Trans–Pro Logistic Inc., 2010 WL 4065603, at *1 (internal quotation marks omitted). Ultimately, the decision as to whether to

grant a motion for reconsideration rests within the sound discretion of the district court. Kapsis v. Bloom, No. 08 Civ. 3092, 2009 WL 414001, at *1 (E.D.N.Y. Feb. 17, 2009).

Here, the Court agrees with the Plaintiff that there was an inadvertent error in the August 9, 2013 Order with respect to the written class definition. As the Court recognized in its previous decision, the Plaintiff brings two distinct claims concerning the form letter the Defendant sent the Plaintiff. First, the Plaintiff alleges that "the form letter . . . includes [an] additional Fees/Coll Costs, which he believes was arbitrarily created by NY Tech and the Defendant in order to collect unearned fees and to intimidate [him] into paying the "Principal" for fear that he would otherwise be liable for more Fees/Coll Costs." (8/9/13 Order, pgs. 2–3.) Second, the Plaintiff claims that the Defendant's statement in the form letter that it "ha[d] the right to take 'further steps' to collect the alleged debt" was "false and deceptive" in that "the alleged debt is outside the applicable statute of limitations, and the alleged debt is outside the period a debt can be reported on the Plaintiff's credit reports." (8/9/13 Order, pg. 3.) As such, the Court finds it necessary to modify the class definition so as to correct any unintended conflation of the Plaintiff's two claims in the class definition that was included in the August 9, 2013 Order.

Accordingly, the Court grants the Plaintiff's motion for reconsideration and modifies the class definition as follows:

> (a) all individuals who have mailing addresses within New York State; (b) who within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the form letter sent by the Defendant to the Plaintiff; (d) regarding a debt that was time-barred by the applicable statute of limitations; (e) or containing a collection fee that they had not previously authorized by entering into an agreement with NY Tech; (f) which was not returned by the postal service as undelivered.

**SO ORDERED.**
Dated: Central Islip, New York
October 15, 2013

                                                  _____*/s/ Arthur D. Spatt*_____
                                                  ARTHUR D. SPATT
                                          United States District Judge