UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID ANNUNZIATO

                Plaintiff,

                                    **MEMORANDUM OF**
                                    **DECISION AND ORDER**
                                    12-CV-3609 (ADS)(AKT)

    -against-

COLLECTO, INC. D/B/A EOS CCA

                Defendant,
----------------------------------------------------------------X
**APPEARANCES:**

**Joseph M. Mauro, Esq.**
*Attorney for the Plaintiff*
306 McCall Ave.
West Islip, NY 11795

**Brian L. Bromberg, Esq.**
*Attorney for the Plaintiff*
40 Exchange Pl., Suite 2010
New York, NY 10005

**Zeldes, Needle & Cooper, P.C.**
*Attorneys for the Defendant*
1000 Lafayette Blvd.
Bridgeport, CT 06601
    By:   Jonathan D. Eliot, Esq.
             Dominic Spinelli, Esq., Of Counsel

**SPATT, District Judge.**

      On July 19, 2012, the Plaintiff David Annunziato (the "Plaintiff") filed a complaint

seeking redress for the alleged illegal practices of the Defendant Collecto, Inc. d/b/a EOS CCA

(the "Defendant") in connection with the collection of a debt allegedly owned by the Plaintiff to

the New York Institute of Technology ("NY Tech") in violation of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692, et seq ("FDCPA"). On August 9, 2013, the Court granted the Plaintiff's motion to file an amended complaint; granted the Plaintiff's motion to certify a class; and modified the class definition. Thereafter, on October 9, 2013, in an Order granting the Plaintiff's motion for reconsideration, the Court further modified the class definition as follows:

> (a) all individuals who have mailing addresses within New York State; (b) who within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the form letter sent by the Defendant to the Plaintiff; (d) regarding a debt that was time-barred by the applicable statute of limitations; (e) or containing a collection fee that they had not previously authorized by entering into an agreement with NY Tech; (f) which was not returned by the postal service as undelivered.

This remains the definition of the class in this action.

On March 20, 2014, the Plaintiff submitted a letter requesting the Court's approval of his proposed class notice. In this regard, the Plaintiff sought to notify 464 class members based on a list that the Defendant produced on January 2, 2014 pursuant to an Order by United States Magistrate Judge A. Kathleen Tomlinson. The Plaintiff advised that the Defendant's counsel had reviewed the notice and made a number of changes, which the Plaintiff incorporated into the notice.

On March 22, 2014, the Court issued an Order approving the Plaintiff's proposed class notice and setting a deadline of thirty days from the date of the Order for the mailing of the notice and a deadline of thirty-five days after the mailing deadline for class members to opt out of the class.

On March 25, 2014, the Defendant filed a letter motion asking that the Court reconsider its March 22, 2014 Order approving the Plaintiff's proposed class notice. In this regard, the Defendant claims that the list that it produced on January 2, 2014 was only a list the 464

individuals who received the form letter at issue in this case who owed amounts to NY Tech. According to the Defendant, this list of letter recipients did not constitute the class because (1) it contains individuals where collection costs are mandated by federal law relating to student loans and (2) it is unclear whether any of the letter recipients lack an agreement with NY Tech authorizing collection costs.

In response, on March 28, 2014, the Plaintiff filed a letter opposing the Defendant's March 25, 2014 letter motion asking that the Court reconsidering its March 22, 2014 Order. In this regard, the Plaintiff explained that (1) the class definition included individuals who were sent the form letter containing a collection fee that they had not previously authorized by entering into an agreement with NY Tech and (2) that all 464 individuals received form collection letters imposing a flat 42.85% collection fee. The Plaintiff argues that despite the Defendant's contention that some of these individuals may have agreed to the 42.85% collection fee, the Defendant has failed to provide any evidence of this to the Court or to the Plaintiff's counsel.

As an initial matter, the Court notes that it generally does not accept letter motions to reconsider previous orders and requires a formal motion in accordance with the Local Civil Rules and this Court's Individual Rules. The Court also notes that the Plaintiff's March 28, 2014 letter contains footnotes in violation of the Court's Individual Rules. Nevertheless, in light of the time sensitiveness of this matter, the Court will consider both the Defendant's March 25, 2014 letter and the Plaintiff's March 28, 2014 letter. Nevertheless, the Court warns that future filings that fail to comply with the Local Civil Rules and/or the Court's Individual Rules may not be considered.

A motion for reconsideration in the Eastern District of New York is governed by Local Rule 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

Of importance, a motion for reconsideration is not an opportunity for litigants to reargue their previous positions or present new or alternative theories that they failed to set forth in connection with the underlying motion. See Trans–Pro Logistic Inc. v. Coby Elecs. Corp., No. 05 Civ. 1759, 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010) (citing Ferrand v. Credit Lyonnais, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003)); see also Zdanok v. Glidden Co., Durkee Famous Foods Div., 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."). Indeed, a motion for reconsideration should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have already been considered fully by the court" and is considered an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Trans–Pro Logistic Inc., 2010 WL 4065603, at *1 (internal quotation marks omitted). Ultimately, the decision as to whether to grant a motion for reconsideration rests within the sound discretion of the district court. Kapsis v. Bloom, No. 08 Civ. 3092, 2009 WL 414001, at *1 (E.D.N.Y. Feb. 17, 2009).

Here, the Court recognizes that it did not have an opportunity to consider the Defendant's position before approving the proposed class notice on March 22, 2014. This is because, based on the Plaintiff's March 20, 2014 letter, the Court was under the impression that the Defendant consented to the Plaintiff's request. Nevertheless, having now reviewed the Defendant's arguments, the Court finds that the Defendant has not raised a sufficient objection to warrant reversal of the March 22, 2014 Order approving the class notice.

In the Court's view, based on the evidence presented by the Plaintiff in opposition to the Defendant's request for reconsideration, it appears the Defendant has failed to provide any evidence demonstrating that any of the 464 individuals who received the subject form letter agreed to the 42.85% collection fee. Indeed, the Plaintiff even made specific discovery requests concerning whether any such agreement exists, but the Defendant proffered no such evidence.

"The FDCPA prohibits '[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.'" Shapiro v. Riddle & Associates, P.C., 351 F.3d 63, 64 (2d Cir. 2003) (quoting 15 U.S.C. § 1692f(1)). Therefore, at this stage, without any evidence that the 42.85% collection fee was ever agreed to by any of the 464 letter recipients, the Court presumes that the collection fee included in the form letters violated the FDCPA and finds no reason to exclude any of the 464 individuals who received the form letters from the class. See, e.g., Hallmark v. Cohen & Slamowitz LLP, 11-CV-842S, 2014 WL 51322, at * 2 (W.D.N.Y. Jan. 8, 2014) (denying the defendants' motion to reconsider the court's decision to grant the plaintiff class certification because although the defendants argued that underlying agreements existed which authorized the collection of court costs, "none ha[d] been adequately identified, filed with the Court, or (to this Court's knowledge) turned over to

[the] [p]laintiff' even though "these agreements . . . [were] presumably in Defendants' possession").

To the extent the Defendant also alleges that the 42.85% collection fee was somehow mandated under federal law, the Court finds this claim without merit. Indeed, the Defendant has presented no legal authority or evidence to support this assertion.

Accordingly, the Court denies the Defendant's March 25, 2014 letter motion to reconsider the Court's March 22, 2014 Order approving the proposed class notice.

**SO ORDERED.**
Dated: Central Islip, New York
April 12, 2014

            ____*/s/ Arthur D. Spatt*_____
              ARTHUR D. SPATT
             United States District Judge