# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DAVID ANNUNZIATO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 2:12-CV-03609-ADS-AKT |
| v. | : | |
| | : | |
| COLLECTO, INC. d/b/a EOS CCA, | : | **DEFENDANT'S** |
| | : | **RULE 56.1** |
| | : | **COUNTER-STATEMENT** |
| Defendant. | : | **OF DISPUTED FACTS** |

1. Defendant Collecto, Inc. is a debt collector as defined by 15 USC 1692a(6).

   **Response:** Admitted.

2. Plaintiff David Annunziato is a consumer as defined by the FDCPA, 15 USC 1692a(3).

   **Response:** Admitted.

3. The alleged debt Defendant sought to collect from Plaintiff was a consumer debt as defined by 15 USC 1692a in that it allegedly owed for college tuition incurred for personal, family or household purposes.

   **Response:** Admitted.

4. On or about May 16, 2012 Defendant mailed to Plaintiff David Annunziato the letter attached as Exhibit A to the Plaintiff's Amended Complaint in this action, in connection with the attempt to collect the alleged debt.

   **Response:** Admitted.

5. The letter Defendant sent to the Plaintiff on or about May 16, 2012 contained the following description of the alleged debt:

   Principal: $ 3,226.50

    Interest: $ 0.00
    Fees/Coll Costs: $ 1,382.79
    Other Accounts: $ 0.00
    Total Due: $ 4,609.29.

**Response:** Admitted.

6. The "Fees/Coll Costs" of $1,382.79 referenced in the letter that Defendant sent to David Annunziato, is 42.85% of the $3,226.50 "principal" referenced in the letter.

**Response:** Admitted.

7. The Defendant does not have any documentation that indicates that David Annunziato agreed to pay 42.85% of the "principal" as a collection fee or a collection cost related to tuition at New York Institute of Technology.

**Response: The Defendant does not contest that it does not have any documentation that David Annunziato expressly agreed to pay the specific express amount of 42.85% of the principal as a collection fee or cost, but contests that the Plaintiff did not agree to the collection fees and/or costs sought to be collected in the subject letter under the "Make Whole Method" of collection. (See: Defendant's Rule 56.1 Statement of Undisputed Facts dated September 8, 2015 and the Declaration of John F. Burns dated September 14, 2015).**

8. The Defendant does not have any documentation that indicates that David Annunziato agreed to pay any particular percentage of the "principal" as a collection fee or a collection cost related to tuition at New York Institute of Technology.

**Response:** **The Defendant does not contest that it does not have any documentation that David Annunziato expressly agreed to pay the specific express amount of 42.85% of the principal as a collection fee or cost, but contests that the Plaintiff did not agree to the collection fees and/or costs sought to be collected in the subject letter under the "Make Whole Method" of collection. (See: Defendant's Rule 56.1 Statement of Undisputed Facts dated September 8, 2015 and the Declaration of John F. Burns dated September 14, 2015).**

9. The Defendant does not have any documentation signed by David Annunziato that indicates that David Annunziato agreed to pay any collection cost relating to the alleged debt to New York Institute of Technology.

**Response:** **Admitted to the extent that the Defendant is not in possession of a document actually signed by David Annunziato agreeing to pay any collection cost relating to the alleged debt to New York Institute of Technology. Denied to the extent that it was the understanding of the Defendant at the time that the subject collection letter was sent that all individuals that had registered and enrolled with the New York Institute of Technology had completed or been provided a registration form and student handbook that provided for an agreement by the student to pay all collection costs relating to the alleged debt. (See: Defendant's Rule 56.1 Statement of Undisputed Facts dated September 8, 2015 and Exhibit 1 to the Declaration of John F. Burns dated September 14, 2015).**

10. The 42.85% collection cost/fee that the Defendant sought to collect from David Annunziato did not bear any relationship to what it actually cost Defendant to attempt to collect the particular debt allegedly owed by David Annunziato.

**Response: Denied. (See: Deposition of John F. Burns dated December 11, 2014, pp. 136 – 152).**

11. The Defendant does not know the actual cost they incurred for attempting to collect the specific debt Defendant alleges is owed by David Annunziato.

**Response: Admitted to the extent that the Defendant does not know the actual cost to the dollar that it incurred in attempting to collect the specific debt Defendant alleges is owed by David Annunziato. Denied to the extent that it is implied that the collection cost/fee that the Defendant sought to collect from David Annunziato did not bear any relationship to what it actually cost Defendant to attempt to collect the particular debt allegedly owed by David Annunziato. (See: Deposition of John F. Burns dated December 11, 2014, pp. 136 – 152).**

12. Within the one year immediately preceding the filing of this action, the Defendant sent a letter substantially similar or materially identical to the May 16, 2012 letter they sent to David Annunziato, to 331 other former students of New York Institute of Technology seeking to collect allegedly delinquent tuition.

**Response: Admitted.**

13.     Each of the alleged debts that Defendant sought from the 331 former students of New York Institute of Technology was a consumer debt as defined by 15 USC 1692a in that it allegedly owed for college tuition incurred for personal, family or household purposes.

**Response:   Admitted.**

14.     Each of the letters that Defendant sent to the 331 other former students of New York Institute of Technology indicated that the consumer owed a "Fees/Coll Costs" that was 42.85% of the "principal" indicated on the letter.

**Response:   Admitted.**

15.     The Defendant does not have any documentation that indicates that any of the 331 former students to which Defendant sent a letter indicating that the former student owed "Fees/Coll Costs" that was 42.85% of the "principal", ever agreed to pay 42.85% of the "principal" as a collection cost or fee.

**Response:   The Defendant does not contest that it does not have any documentation that any such former students expressly agreed to pay the specific express amount of 42.85% of the principal as a collection fee or cost, but contests that each student did not agree to the collection fees and/or costs sought to be collected in the subject letter under the "Make Whole Method" of collection.  (See: Defendant's Rule 56.1 Statement of Undisputed Facts dated September 8, 2015 and the Declaration of John F. Burns dated September 14, 2015).**

16.     The Defendant, Collecto, Inc. creates and maintains audited financial statements for each fiscal year.

**Response:   Admitted.**

17.   The most recent Audited Financial Statements is for the fiscal year that ended on February 28, 2014.

**Response:   Admitted.**

18.   The Defendant's Audited Financial Statements each year contain a "Balance Sheet" for Collecto, Inc.

**Response:   Admitted.**

19.   The Defendant's Audited Financial Statement each year are created using "Generally Accepted Accounting Principles", i.e. GAAP.

**Response:   Admitted.**

20.   The "balance sheet" in the Defendant's audited financial statements ending on February 28, 2014 has a column that lists the assets and liabilities of Defendant Collecto, Inc.

**Response:   Admitted.**

21.   One of the assets listed on Defendant's balance sheet as of February 28, 2014 is $32,706,493.00 for "Goodwill."

**Response:   Admitted.**

22.   The $32,706,493.00 figure for "Goodwill" listed on the Defendant's balance sheet as of February 28, 2014 was included on this balance sheet as a result of a series of business combinations.

**Response:   Admitted.**

23. The $32,706,493.00 figure for "Goodwill" figure listed on the Defendant's balance sheet as of February 28, 2014 was included on the balance sheet per the Generally Accepted Accounting Purposes.

**Response:   Admitted to the extent that the Defendant's Audited Financial Statement in which the subject balance sheet is included was prepared per Generally Accepted Accounting Purposes.  Denied to the extent that the Defendant does not have the accounting expertise to either admit or deny that the specific "Goodwill" figure listed on the Defendant's balance sheet as of February 28, 2014 was included on the balance sheet "per the Generally Accepted Accounting Purposes" when such inclusion is as a result of a series of business combinations.**

24. The total assets listed on the Plaintiff, Collect Inc.'s balance sheet as of February 28, 2014 is $84,959,306.00.

**Response:   Admitted.**

25. The total liability listed on the Plaintiff, Collecto, Inc.'s balance sheet as of February 28, 2014 is $19,278,862.00.

**Response:   Admitted.**

26. The total equity listed on the Plaintiff's Collecto, Inc.'s 2013-2014 balance sheet is $65,680,444.00.

**Response:   Admitted.**

27. The Defendant, Collecto, Inc. is a wholly owned subsidiary of EOS Holdings, (USA), Inc.

**Response:   Admitted.**

28. EOS Holdings (USA), Inc. is a wholly owned subsidiary of EOS International Beteiligungs-Verwaltungsgesellschaft mbH.

**Response:   Admitted.**

29. Defendant Collecto, Inc. has a Board of Directors that is different than the Board of Directors of EOS Holdings, (USA), Inc.

**Response:   Admitted.**

Date: September 21, 2015

DEFENDANT
COLLECTO, INC.

By: _____/s/_____
Sabato P. Fiano
Michael A. Carbone
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd.
5th Floor
Bridgeport, CT 06604
Tel: 203-332-5791
Fax: 203-333-1489
E-mail: sfiano@znclaw.com
E-mail: mcarbone@znclaw.com