# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID ANNUNZIATO,                    :
                                     :
                    Plaintiff,       :        No. 2:12-CV-03609-ADS-AKT
                                     :
v.                                   :
                                     :        **DEFENDANT'S RESPONSES**
COLLECTO, INC. d/b/a EOS CCA,        :        **TO ADMISSION REQUESTS**
                                     :
                    Defendant.       :

Defendant Collecto, Inc. d/b/a EOS CCA, hereby responds to plaintiff's

Request for Admissions, reserving until trial all objections to the relevance or

admissibility of the responses, as follows:

**REQUESTS FOR ADMISSIONS:**

1.      Plaintiff is a natural person.

**ANSWER:**

**Admits.**

2.      Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C.

§1692a(3).

**ANSWER:**

**Admits.**

3.      Defendant is engaged in the collection of debts from persons using

the mail and/or telephone.

**ANSWER:**

**Admits.**



4.     Defendant regularly attempts to collect consumer debts alleged to be due to another.

**ANSWER:**

**Admits.**

5.     Defendant attempted to collect an alleged debt from the Plaintiff.

**ANSWER:**

**Admits.**

6.   The debt that the Defendant attempted to collect from Plaintiff was allegedly incurred for school tuition.

**ANSWER:**

**Admits.**

7.     Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

**ANSWER:**

**Admits.**

8.     On or about May 16, 2012  Defendant mailed to Plaintiff the letter attached as Exhibit A to the Plaintiff's complaint in this action.

**ANSWER:**

**Admits.**

9.     During the one year immediately preceding the filing of the Complaint in this action, the Defendant sent letters containing language substantially similar or materially identical to that contained in Exhibit A to Plaintiff's complaint to 40 or more natural persons with addresses in New York State.

**ANSWER:**

**Admits.**

10.     During the one year immediately preceding the filing of the Complaint in this action, the Defendant sent letters containing language substantially similar or materially identical to that contained in Exhibit A to Plaintiff's complaint to 50 or more natural persons with addresses in New York State.

**ANSWER:**

**Admits.**

11.   During the one year immediately preceding the filing of the Complaint in this action, the Defendant sent letters containing language substantially similar or materially identical to that contained in Exhibit A to Plaintiff's complaint to 60 or more natural persons with addresses in New York State.

**ANSWER:**

**Admits.**

12. During the one year immediately preceding the filing of the Complaint in this action, the Defendant sent letters containing language substantially similar or materially identical to that contained in Exhibit A to Plaintiff's complaint to 70 or more natural persons with addresses in New York State.

**ANSWER:**

**Admits.**

13.   During the one year immediately preceding the filing of the Complaint in this action, the Defendant sent letters containing language substantially similar or materially identical to that contained in Exhibit A to Plaintiff's complaint to 80 or more natural persons with addresses in New York State.

**ANSWER:**

**Admits.**

14. During the one year immediately preceding the filing of the Complaint in this action, the Defendant sent letters containing language substantially similar or materially identical to that contained in Exhibit A to Plaintiff's complaint to 90 or more natural persons with addresses in New York State.

**ANSWER:**

**Admits.**

15. During the one year immediately preceding the filing of the Complaint in this action, the Defendant sent letters containing language substantially similar or materially identical to that contained in Exhibit A to Plaintiff's complaint to 100 or more natural persons with addresses in New York State.

**ANSWER:**

**Admits.**

16. During the one year immediately preceding the filing of the Complaint in this action, the Defendant sent letters containing language substantially similar or materially identical to that contained in Exhibit A to Plaintiff's complaint to 200 or more natural persons with addresses in New York State.

**ANSWER:**

**Admits.**

17. During the one year immediately preceding the filing of the Complaint in this action, the Defendant sent letters containing language substantially similar or materially identical to that contained in Exhibit A to Plaintiff's complaint to 500 or more natural persons with addresses in New York State.

**ANSWER:**

**Admits.**

18. During the one year immediately preceding the filing of the Complaint in this action, the Defendant sent letters containing language substantially similar

or materially identical to that contained in Exhibit A to Plaintiff's complaint to 1000

or more natural persons with addresses in New York State.

**ANSWER:**

**Admits.**


19. During the one year immediately preceding the filing of the Complaint

in this action, the Defendant sent letters containing language substantially similar

or materially identical to that contained in Exhibit A to Plaintiff's complaint to 2000

or more natural persons with addresses in New York State.

**ANSWER:**

**Denies.**


20. During the one year immediately preceding the filing of the Complaint

in this action, the Defendant sent letters containing language substantially similar

or materially identical to that contained in Exhibit A to Plaintiff's complaint to 3000

or more natural persons with addresses in New York State.

**ANSWER:**

**Denies.**

21.   Defendant's net worth exceeds $50,000.

**ANSWER:**

**Denies.**


22.   Defendant's net worth exceeds $100,000.

**ANSWER:**

**Denies.**

23.     Defendant's net worth exceeds $150,000.

**ANSWER:**

**Denies.**

24.     Defendant's net worth exceeds $200,000.

**ANSWER:**

**Denies.**
25.     Defendant's net worth exceeds $250,000.

**ANSWER:**

**Denies.**

26.     Defendant's net worth exceeds $300,000.

**ANSWER:**

**Denies.**

27.     Defendant's net worth exceeds $350,000.

**ANSWER:**

**Denies.**

28.     Defendant's net worth exceeds $400,000.

**ANSWER:**

**Denies.**

29.     Defendant's net worth exceeds $450,000.

**ANSWER:**

**Denies.**

30.     Defendant's net worth exceeds $500,000.

**ANSWER:**

**Denies.**

31.     Defendant's net worth exceeds $600,000.

**ANSWER:**

**Denies.**

32.     Defendant's net worth exceeds $750,000.

**ANSWER:**

**Denies.**

33.     Defendant's net worth exceeds $1,000,000.00

**ANSWER:**

**Denies.**

34.     Defendant's net worth exceeds $1,250,000.00

**ANSWER:**

**Denies.**

35.    Defendant's net worth exceeds $1,500,000.00

**ANSWER:**

**Denies.**

36.    Defendant's net worth exceeds $1,750,000.00

**ANSWER:**

**Denies.**

37.    Defendant's net worth exceeds $2,000,000.00

**ANSWER:**

**Denies.**

38.    Defendant's net worth exceeds $3,000,000.00

**ANSWER:**

**Denies.**

39.    Admit that Defendant has no factual basis to believe that the

Plaintiff is not an adequate class representative in this action.

**ANSWER:**

**Neither admits not denies. Information currently available to the defendant does not permit a response, involving matter that is subject to discovery and later investigation.**

40.     Admit that Defendant has no factual basis to believe that Joseph

Mauro is not adequate counsel to represent a class in this action.

**ANSWER:**

**Neither admits not denies.  Information currently available to the defendant
does not permit a response, involving matter that is subject to discovery
and later investigation.**

41. Admit that Defendant sent the Plaintiff a letter indicating that the

Plaintiff owed $1,382.79 for "Fees/Coll Costs."

**ANSWER:**

**Denies.  The letter indicated that the creditor's claim included $1,382.79 for
"Fees/Coll Costs."**

42.     Admit that Defendant had no legal basis to attempt to collect

$1,382.79 from the Plaintiff for "Fees/Coll Costs."

**ANSWER:**

**Denies.**

Date: February 1, 2013

THE DEFENDANT
COLLECTO, INC. d/b/a EOS/CCA

By: _____
Jonathan D. Elliot

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Boulevard
Bridgeport, CT  06604
Tel:   203-333-9441
Fax:   203-333-1489
E-Mail:  jelliot@znclaw.com

Its Attorneys

CERTIFICATION

This is to certify that a copy of the foregoing has been sent via U.S. First

Class Mail, postage prepaid, on this date, to:

> Joseph Mauro, Esq.
> The Law Office of Joseph Mauro, LLC
> 306 McCall Avenue
> West Islip, NY 11795

Dated at Bridgeport, Connecticut on this ___1st___ day of February 2013.

_____
Jonathan D. Elliot