# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID ANNUNZIATO,                         :

               Plaintiff,          :          No. 2:12-CV-03609-ADS-AKT

v.                                        :

COLLECTO, INC. d/b/a EOS CCA,             :          **DEFENDANT'S OBJECTIONS/**
                                        :          **RESPONSES TO SECOND SET**
                                        :          **OF INTERROGATORIES**

               Defendant.      :

      Pursuant to Fed. R. Civ. Pro. 33, the defendant responds to the plaintiff's

second set of interrogatories, as follows:

### General Objections

      1.    Defendant objects to the Interrogatories below to the extent that

they seek information protected by the attorney-client privilege and/or the work

product doctrine.

      2.    Defendant objects to any definitions or instructions to the extent

that they impose different or greater obligations than those imposed by the

Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the

Eastern District of New York and are otherwise unduly burdensome.

      3.    Subject to the above general objections, the defendant responds as

follows:

**INTERROGATORIES:**

      1.    Please state how the figure of  $32,706,493 was computed to be

the "Goodwill" of Collecto, Inc. for the period ending February 29, 2012. (This

figure of $32,706,493 appears  on Page 29  -Bates Stamp page 30-  of the

Consolidating Balance Sheet produced by the Defendant during this litigation,

under the "Assets" column).

**OBJECTION:** Defendant objects to this interrogatory on the ground that it is irrelevant to the claims and defenses in this action and intended to annoy and/or harass. Without waiving such objection, defendant states, as follows: The figure $32,706,493 on the Consolidated Balance Sheet of EOS Holdings (USA) and Subsidiary for the Fiscal Year ended February 29, 2012 is derived from three business combinations in which the fair market purchase price of the acquired entities exceed the book value of the tangible assets purchased. Generally Accepted Accounting Principles, calls for the excess to be attributed to goodwill. The amount on the February 29, 2012 consolidated balance sheet is attributable to three components in the following amounts:

1) The acquisition of Collection Company of America in 2001, approximately $18,794,000;
2) The acquisition of AFC in 2009, approximately $141,000;
3) The acquisition of True North AR LLC in 2010, approximately $13,771,000.

These amounts do not reflect the cost, at book value of any of the tangible assets of the acquired entities.

Date: May 31, 2013

THE DEFENDANT
COLLECTO, INC. d/b/a EOS/CCA

By: _____
Jonathan D. Elliot

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Boulevard
Bridgeport, CT 06604
Tel: 203-333-9441
Fax: 203-333-1489
E-Mail: jelliot@znclaw.com

Its Attorneys

## VERIFICATION

THIS IS TO CERTIFY THAT I, John F. Burns Jr, on behalf of Defendant Collecto, Inc. d/b/a EOS CCA, have read the foregoing responses to defendant's interrogatories and state that they are true and accurate to the best of my knowledge, on this 30th day of May 2013.

COLLECTO, INC. d/b/a EOS CCA

By: _____
    John F. Burns Jr
    as Vice President
    Duly Authorized



On the 30th day of May 2013, before me, personally appeared John F. Burns, who affirmed under oath the truth of the foregoing responses to interrogatories.

_____
Notary Public
My Commission Expires:

MIANNE SCHALL
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
July 2, 2015