# EXHIBIT H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID ANNUNZIATO,                         :
                                          :
              Plaintiff,                  :
                                          :        No. 2:12-CV-03609-ADS-AKT
v.                                        :
                                          :
COLLECTO, INC. d/b/a EOS CCA,             :        **DECLARATION OF**
                                          :        <u>**JOHN F. BURNS, JR.**</u>
              Defendants.  :
                                          :

I, John F. Burns, Jr., being duly sworn, hereby states:

1.    I am over the age of eighteen and believe in the obligations of an oath.

2.    I am the Vice President of Corporate Services for Collecto, Inc. d/b/a EOS
CCA (hereinafter, "Collecto"), a defendant in this action.

3.    I make this declaration in support of the motion for summary judgment
filed in this action by Collecto.

4.    This declaration is based on my own personal knowledge and/or the
regularly maintained business records of Collecto.

5.    Collecto was retained by the New York Institute of Technology ("NYIT") to
collect a past due amount owed with respect to a delinquent tuition account in the name
of the plaintiff, David Annunziato ("the Plaintiff").

6.    At the time of registering for courses with NYIT, the Plaintiff completed a
registration form wherein he agreed with NYIT as follows:

> I agree to pay my debt to NYIT for any amounts due for tuition and fees and
> other charges.  In the event that all charges are not paid when due, I agree to
> pay to NYIT all of the costs associated with the collection of my delinquent
> account, which includes the payment to NYIT of the principal sums due, plus all
> costs, which may also include but are not limited to collection agency fees
> constituting 33 percent of the principal balance due if NYIT engages a collection

1

agency to secure payment, or legal fees constituting 50% of the principal balance due if NYIT engages legal counsel to secure payment, plus any and all interest on the outstanding balance at the maximum legal rate allowed by law, and any and all other costs that will be associated with the collection of the delinquent amounts.

(See NYIT Sample Registration Form attached hereto as "Exhibit 1").

7.      In furtherance of its retention by NYIT to collect the debt owed by the Plaintiff, Collecto sent a collection letter dated May 16, 2012 to Plaintiff (the "Collecto Letter").  A true and accurate copy of the Collecto Letter is attached to Plaintiff's Amended Complaint as Exhibit A.  (Dkt. 37).

8.      The Collecto Letter sets forth that the "Total Due" by the Plaintiff is $4609.29.  The Collection Letter expressly breaks down the "Total Due" as constituting (i.) a principal balance in the amount of $3226.50 and (ii.) fees and collection costs in the amount of $1382.79.

9.      The $1382.79 of fees and collection costs set forth in the Collection Letter were assessed in accordance with the Plaintiff's agreement with NYIT to "pay to NYIT all of the costs associated with the collection of my delinquent account, which includes the payment to NYIT of the principal sums due, plus all costs, which may also include but are not limited to collection agency fees constituting 33 percent of the principal balance due if NYIT engages a collection agency to secure payment, … and any and all other costs that will be associated with the collection of the delinquent amounts."  (See Exh. 1 attached hereto)

10.     Collecto sent the Collection Letter pursuant to a Collection Services Agreement dated March 3, 2006 entered into between Collecto and NYIT expressly providing that "[NYIT] shall pay a contingency fee on all amounts collected on accounts

referred to [Collecto] .... in the amount of ... 30% for second placement accounts."
(See Collection Services Agreement dated March 3, 2006 attached hereto as "Exhibit 2").

11.     The Plaintiff's account constituted a second placement account under the Collection Services Agreement.

12.     The total amount sought to be collected from the Plaintiff by the Collection Letter is in accordance with both the registration agreement between the Plaintiff and NYIT, and the Collection Services Agreement between NYIT and Collecto. First, NYIT's registration form expressly obligates the Plaintiff to pay to NYIT (i.) "the principal sums due ... *plus* ... (ii.) any and all other costs that will be associated with the collection of the delinquent amounts." (See Exh. 1) (Emphasis added). Second, Collection Services Agreement expressly obligates NYIT, as a cost associated with the collection of the debt, to pay to Collecto a contingency fee of 30% of "*all amounts collected*" on the Plaintiff's account. (See Exh. A) (Emphasis added). Therefore, consistent with both agreements, the Collection Letter seeks to collect a "Total Due" of $4609.29, of which 70% of this total due is attributable to principal sums ($3226.50), and 30% of this total due is attributable to agreed-upon collection costs ($1382.79).

13.     Based on the foregoing, the Collection Letter does not seek to collect any collection costs that were not agreed to and authorized by the Plaintiff when he registered with NYIT.

14.     In the Collection Letter, Collecto applies the "Make Whole Method" of collection, whereby any percentage-based contingency fee or collection cost is charged on the entire balance collected, including the collection fee itself. This method is

familiar to educational situations because it is used by the federal government on certain student loans.  Additionally, this method allows the creditor to be made whole by allowing it to recover its full principal balance plus any and all costs of collection.

15.     The "Make Whole Method" permits NYIT to recover (i.) "the principal sums due ... *plus* ... (ii.) any and all other costs that will be associated with the collection of the delinquent amounts," which the amounts the Plaintiff expressly authorized and agreed to pay to NYIT in his registration form agreement with NYIT.  (See Exh. 1) (Emphasis added).


This is to certify, under penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge and belief.

EXECUTED on September  _____, 2015.


_____
John F. Burns, Jr.
Vice President of Corporate Services
Collecto, Inc. d/b/a EOS CCA


Subscribed and sworn to before me on this _____ day of September 2015

_____

# EXHIBIT 1



NEW YORK INSTITUTE OF TECHNOLOGY

# ■ REGISTRATION FORM

Name: _____

Address: _____

_____

City: _____

State: _____ Zip: _____

Telephone #: _____

Student ID#: _____

Major: _____ Specialization: _____

Date of birth: _____

Campus:   ❏ Old Westbury          ❏ Manhattan

❏ Central Islip          ❏ Online

❏ Other _____

| TERM | CASE ID # | COURSE AND NUMBER | SECTION | DAYS | TIME | CR |
|------|-----------|-------------------|---------|------|------|----|
|      |           |                   |         |      |      |    |
|      |           |                   |         |      |      |    |
|      |           |                   |         |      |      |    |
|      |           |                   |         |      |      |    |
|      |           |                   |         |      |      |    |
|      |           |                   |         |      |      |    |
|      |           |                   |         |      |      |    |

IMPORTANT INFORMATION TO FACULTY ADVISORS:

To add a student to a closed section, waive prerequisites, or waive a course conflict, please see Authorization for Registration on the reverse side.

I understand that by authorizing a registration, and or dropping or withdrawing from the courses that I have registered for during this semester, I agree to be charged in accordance with the published schedule of charges set forth in the college catalog with respect to payment of tuition, fees, refunds, the dropping and adding courses, and the withdrawal policy procedures that are also available online at www.nyit.edu. I agree to be bound by this registration form and abide by the rules and regulations published in the current catalog. I agree to pay my debt to NYIT for any amounts due for tuition and fees and other charges. In the event that all charges are not paid when due, I agree to pay NYIT all of the costs associated with the collection of my delinquent account, which includes the payment to NYIT of the principal sums due, plus all costs, which may also include, but are not limited to collection agency fees constituting 33 percent of the principal balance due if NYIT engages a collection agency to secure payment, or legal fees constituting 50 percent of the principal balance due if NYIT engages legal counsel to secure payment, plus any and all interest on the out-standing balance at the maximum legal rate allowed by law, and any and all other costs that will be associated with the collection of the delinquent amounts. All collection matters shall be governed by New York law; the courts of New York shall have exclusive jurisdiction in these matters.

_____          _____          _____          _____
Advisor's Signature                          Date                          Student's Signature                          Date

NYIT002003

# EXHIBIT 2



# COLLECTION SERVICES AGREEMENT

This Agreement made on March 3, 2006 by and between Collecto, Inc., d/b/a Collection Company of America, a corporation duly established under the laws of Massachusetts and having a usual place of business at 700 Longwater Drive, Norwell, Massachusetts 02061 herein after called the "Agency" and New York Institute of Technology having offices at Old Westbury, NY hereinafter called the "Client".

WITNESSETH:

It is mutually agreed, understood and promised as follows:

1. General. Agency will use its best efforts to collect accounts referred by the Client. Agency shall at all times, act in accordance with all applicable Federal and State laws and regulations. Client shall pay the fees set forth in the attached Fee Schedule.

Agency shall make available, at the Client's request, any of the following reports:

- Account Acknowledgment
- Debtor Inventory
- Performance Analysis
- New Address Report
- Close & Return Report
- Activity Invoice
- Monthly Remittance Statement

Client will be notified of Agency closeouts via agency Close & Return Reports.

2. Remittance. The Agency agrees to remit all monies collected on a monthly basis, either net or gross no later than the 15th of each month. In the event of any amounts paid directly to the Client or if for other reasons there is a balance due from the Client to the Agency, Client agrees to remit all fees due the Agency within 30 days of receipt of the Agency's monthly remittance statement. If gross, Client agrees to remit payment to Agency within 30 days. Please circle either Gross Remit or Net Remit.

3. Direct Payments. As long as an account is pending with the Agency, the Client agrees to report promptly to the Agency all direct payments received. In such cases, a full fee is due the Agency.

Revised January 25, 2006

4. <u>Hold Harmless</u> Each of Agency and Client agrees to and shall defend, indemnify and hold the other harmless from and against all liability, loss, damage, expenses, claims, counterclaims, attorney's fees, court costs, or any legal recourse that arises from, is originated in connection with, or is due to the performance of this Agreement or the errors or omissions of the indemnifying party.

5. <u>Contract Termination.</u> This Agreement may be terminated at the option of either party by written notice, certified mail, post-marked and mailed at least thirty (30) days prior to the date of termination, addressed in the case of the Agency to:   Ann Marie Morra, New York Institute of Technology, P. O. Box 392, Old Westbury, NY  11568. and in the case of Client to: Peter Doolan, c/o Collecto, Inc. 700 Longwater Drive, Norwell, MA   02061. Accounts with payment plans and/or post-dated checks will be processed with Agency Fee due.

Notwithstanding any such termination, Agency shall continue to work accounts in inventory and payment plans for a period of 6 months following the termination date, and Client shall reasonably cooperate with Agency in collection of same.  Thereafter, all judgment accounts and payment plans will be retained by the Agency until satisfied or until Agency determines that it has exhausted all efforts on same and closes the account. In the event of such termination, the Agency will return the original of all instruments (or copies thereof if copies were originally sent to the Agency) to the Client within thirty (30) days of the said effective date of termination, except for those documents and records pertaining to accounts which remain with the Agency, and as to those, all documents and records shall be returned within thirty (30) days of satisfaction or closure of the account.

6. <u>Independent Contractor.</u> Agency is and shall perform work as an independent contractor, and, as such, shall have and maintain complete control over all of its employees, agents and operations. Neither Agency nor anyone employed by it shall be, represent, act, purport to act, or be deemed to be an employee or servant of the Client.

7. <u>Client Audits</u>. Agency shall maintain Company records as they pertain to all accounts, in such a manner as to permit audits by the Client at any time during normal business hours. Client shall have the right to audit said records on reasonable notice and at a time mutually convenient so as not to disrupt unreasonably the operations of the Agency.

8. <u>Close and Return.</u> Agency shall return to the Client without charge any account which is requested by Client for reasonable business reasons to be closed. In the event that the account is the subject of a payment plan, direct pay to Client or judgment status, the Client shall pay a full agency fee on the account prior to its return.

9. <u>Client Funds.</u> All amounts recovered by Agency shall be deposited in an appropriate trust account maintained by Agency.

10. <u>Litigation.</u> Agency will not institute any litigation or refer any account to an attorney without the Client's express authorization. CCA will advance court costs on behalf of New York Institute of Technology. Any and all costs will be added to debtors balance and reimbursed to the Agency from proceeds collected from debtor in successful suit actions.

11. <u>Insurance & Bonding</u>. Agency maintains insurance as set forth below and will provide Client with evidence of insurance upon request.

    A.   Personal injury liability insurance, including contractual liability.
    B.   Comprehensive general liability insurance, including contractual liability.
    C.   Worker's compensation and occupational disease insurance, including employer's liability insurance.
    D.   Employee dishonesty bond.

12.   <u>Fee Schedule</u>

1) Client shall pay a contingency fee on all amounts collected on accounts referred to Agency (whether paid to Agency or directly to Client) in the amount of 25% for first placement accounts and 30% for second placement accounts.
2) On all accounts which have been referred to an attorney for litigation, Client shall pay a contingency fee on all amounts collected on accounts referred to Agency (whether paid to Agency or directly to Client) in the amount of 33.3%.

13. <u>Confidentiality</u>. Each of Client and Agency recognizes and acknowledges that as a result of this Agreement and their relationship they may be provided, exposed to, or learn confidential or proprietary information pertaining to the other's customers, prospects, financial condition, operations, sales information, marketing concepts, methods and techniques in conducting their businesses (collectively referred to as the "Confidential Information"). Each party further recognizes and acknowledges that the Confidential Information and all other aspects of the other party's business are and shall remain the exclusive property of the other. Further, Agency and Client covenant and agrees that during and after the term of this Agreement they will not orally or in writing, directly or indirectly, divulge, disclose, communicate, or make available to any person, firm, corporation or association or any other entity the Confidential Information, other than as necessary to carry out the purposes of this Agreement. The provisions of this Confidentiality Section shall survive termination of this Agreement.

14. <u>Choice of Law.</u> This agreement shall be governed by the laws of the Commonwealth of Massachusetts without regard to the Commonwealth's choice of laws doctrine.

In witness whereof, the parties have executed this agreement in duplicate on the date above written as a sealed instrument.

COLLECTO, INC.

BY: _____
    Chris Murphy

TITLE: Corporate Vice President of Business Dev.

CLIENT: New York Institute of Tech.

BY: _____
    Leonard Aubrey

TITLE: _____
Vice President for
Financial Affairs,
CFO and Treasurer

Revised January 25, 2006



## ADDENDUM A

INTEREST

CLIENT___*NVIT*_____

- Interest will be added to accounts at the rate of _____% simple interest.

- Interest will be figured from

  ☐ Date of Placement
  ☐ Date of Last Charge
  ☑ Other_____
  ☑ Please Specify___*as dictated by NY State Law on legal accounts*___

- All monies collected will be subject to agency fee.

- Specify other agreement as to interest i.e. defer legal cost or reduce agency fee etc.

_____     ___*03/13/06*_____
Client Signature                                        Date
*Leonard Aubrey*
*Vice President for Financial Affairs, CFO and Treasurer*
Print Name

Revised January 25, 2006



## **ADDENDUM B**

<u>Collection Charges</u>

The undersigned hereby requests and instructs CCA to seek recovery of our collection charges associated with accounts place with your office. In consideration of your recovery efforts, we hereby certify to CCA that we have obtained written contracts signed by all debtors against whom such charges are sought and each of those written contracts provides express authorization that we may recover the collection costs which we are seeking in addition to the amounts due for the goods and/or services provided to the account debtor. We also certify to you that the collection charges are reasonable and lawful in the jurisdiction in which the debtor resides and, if different, the jurisdiction where the debt was incurred.

- Client authorizes collection costs to be added to accounts.

    ☑ Yes  ☐ No

    If yes, how will costs be added?

    ☑ Use the "Make Whole Method" of assessing collection charges to debtors account to ensure the college receives 100% of the amount due returned.

    ☐ Agency Fee Rate of _____% will be added to each account.

    ☐ A fixed charge of _____ will be added.

    ☐ A Rate of _____% will be added to accounts.

All Monies collected will be subject to agency fee.

_Leonard Aubrey_ (signature)
_____          03/13/06
Client Signature                                      Date

Leonard Aubrey
Vice President for Financial Affairs,
CFO and Treasurer
_____
Print Name

Revised January 25, 2006



**ADDENDUM C**

<u>Credit Bureau Reporting</u>

CLIENT _N Y I T_____

        We _N Y I T_____(Client) wish to report accounts referred to the Credit Bureau/s the timing of this report will occur at the regular agency reporting times. We would like account reported after _30_ _(thirty)_ days in the agency. Regular updates will be processed to update changes to account information.

        At time of recall or return of accounts Credit Bureau will be notified and Credit Bureau reporting will cease.

_____       _03/13/06_____
Client Signature                  Date

_Leonard Aubrey_
_Vice President for Financial Affairs, CFO and Treasurer_
_____
Print Name

Revised January 25, 2006



## ADDENDUM D

**Legal Forwarding:**

CLIENT ___NYIT_____

      We ___NYIT_____ (Client) wish to have any account with a balance equal to or greater than $5000.00 be forwarded to CCA Legal Department for further activity. All accounts forwarded are subject to a _____ fee upon resolution.

      **Litigation.** **Agency will not institute any litigation without the Client's express authorization. Client agrees/does not agree (circle one) to advance necessary court costs in connection with suit actions brought by attorney on Client's behalf. Any and all costs will be added to debtors balance and reimbursed to Client from proceeds collected from debtor in successful suit actions.**

_____      ___03/13/06_____
Client Signature                      Date
_Leonard Aubrey_
_Vice President for Financial Affairs, CFO and Treasurer_
Print Name